**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS RIVERA-LOPE, | Case No. 5:26-cv-01864-FMO-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| FERETI SEMAIA, *et al*., | |
| Respondents. | |

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on April 15, 2026.  Dkt. No. 1 ("Pet.").  On April 23, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time."  Dkt. No. 8 at 2.  Petitioner filed his reply to Respondents' answer to his Petition on April 27, 2026.  Dkt. No. 9.  Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested.  For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of Mexico who entered the country on or about January 13, 2003.  Pet. ¶¶ 17-18.  On May 8, 20212, the Department of Homeland Security ("DHS") served him with a Notice to Appear, initiating removal proceedings.  *Id.*

¶ 18.   On September 19, 2012, an immigration judge denied Petitioner's asylum request, withholding of removal, and Convention Against Torture ("CAT") protection. *Id.* ¶ 19.   Petitioner subsequently was released on a bond pursuant to a Rogriguez custody hearing while his removal proceedings were pending. *Id.* ¶ 20. Petitioner eventually prevailed on appeal before the Bureau of Immigration Appeals. *Id.* ¶ 21; *see also* Dkt. No. 1-1 at 19-20.  On May 14, 2013, Petitioner was granted withholding of removal.  Pet. ¶ 22.

Since then, Petitioner has complied fully with his release conditions, attended his check-ins, remained in contact with immigration authorities, and lived a stable and productive life. *Id.* ¶ 23.  He has built strong community ties during his time in this country and has close relationships with his family and friends. *Id.* ¶ 25.

On November 7, 2025, while attending a routine annual Immigration and Customs Enforcement ("ICE") check in, Petitioner was arrested and taken into custody without prior notice. *Id.* ¶ 26.  ICE did not provide Petitioner with written notice explaining the basis for revoking his Order of Supervision, nor did it provide him with an initial informal interview. *Id.* ¶ 27.  Petitioner was transported thereafter to Adelanto ICE Processing Center, where he remains. *Id.*

On February 5, 2026, Petitioner underwent a 90-day post-order custody review, which resulted in a denial of release. *Id.* ¶ 29.  The review did not provide a meaningful consideration of Petitioner's extensive compliance history, community ties, or lack of danger. *Id.*  A 180-day custody review was scheduled for April 22, 2026. *Id.*  Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights.  Pet. ¶¶ 48–50.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that his continued detention without an individualized determination of danger or flight risk violates the Due Process Clause of the Fifth Amendment and an order that he be released immediately. Pet. at 25. As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards. *Sheng Kun v. Janecka, et al.*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026). Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's release and the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. *See id.*

In light of the foregoing, the Court GRANTS the Petition and ORDERS Petitioner to be released forthwith, subject to any former conditions of release.

The Court FURTHER ORDERS that Respondents shall not re-detain Petitioner without individualized notice and a pre-deprivation hearing before an immigration judge. Petitioner shall not be detained unless Respondents demonstrate at a pre-deprivation hearing that he is a flight risk or a danger to the community, and that there is no combination of conditions that will reasonably assure Petitioner's appearance and/or the safety of any other person in the community. If Petitioner is again placed into detention in this District following proceedings in this case, Respondents shall not transfer or remove Petitioner from this District unless executing a final order of removal issued against Petitioner. Respondents shall return any confiscated property and documents to Petitioner upon his release.

///

Finally, Respondents shall file a status report regarding compliance with this order within three court days of its entry.

IT IS SO ORDERED.

DATED:  April 28, 2026

_____
        /s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

4